## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

------------------------------------------------------------------------x

| | | |
|---|---|---|
| SHANNON MOSES, | : | Civil Action No. |
| | : | |
| | : | |
| PLAINTIFF, | : | **COMPLAINT** |
| v. | : | |
| | : | |
| CHICAGO'S 312, LLC, and, | : | Plaintiff Demands |
| ROBERT G. BEATTY, individually, | : | a Trial by Jury |
| DEFENDANTS. | : | |

------------------------------------------------------------------------x

Plaintiff SHANNON MOSES ("Moses" or "Plaintiff"), by his attorneys, LEVINE & BLIT, PLLC, complaining of Defendants CHICAGO'S 312, LLC ("Chicago's" or "Defendant"), and ROBERT G. BEATTY, individually ("Beatty" or "Defendant") (all collectively "Defendants"), respectfully alleges upon information and belief:

### NATURE OF THE ACTION

1.      This action is brought to remedy unpaid minimum wages and unpaid overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and unpaid minimum wages in violation of the Florida Constitution, Article X § 24 and Florida Statutes § 448.110, the Florida Minimum Wage Act ("FMWA").

2.      Defendants' actions were unlawful and Plaintiff seeks injunctive and declaratory relief, monetary, compensatory and punitive damages, liquidated damages, interest, attorneys' fees, costs, and other appropriate legal and equitable relief pursuant to the FLSA/FMWA and such other further relief as this Court deems necessary and proper.

### JURISDICTION AND VENUE

3.      Jurisdiction of this Court is proper under 28 U.S.C. §1331, because the matter in controversy is a civil action arising under the Constitution, laws or treaties of the United States.

4.      Venue of this action in the Southern District of Florida under 28 U.S.C. §1391 is appropriate as Defendants have their principle place of business within the district, and as the Southern District is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

5.      Plaintiff Moses is an individual who resides in Broward County, FL.

6.      Upon information and belief, defendant Beatty is a resident of Broward County, FL, and is a corporate officer of, and exercises control over, Chicago's.

7.      Defendant Chicago's is a domestic business corporation with a principle place of business at 110 Grand Palms Dr., Pembroke Pines, FL., which, upon information and belief, is an upscale jazz and blues restaurant.

8.      At all times relevant to this action, Defendants were "employers" of Plaintiff within the meaning of the FLSA § 203 and FMWA.

9.      Upon information and belief, at all times relevant to this action, defendant Chicago's has been an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C § 207(a) insofar that it: (1) has had employees engaged in commerce or in the production of goods for commerce, and handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (2) has had annual gross volume of sales not less than $500,000.

10.     Upon information and belief, Plaintiff has ordered, and/or used in his daily employment with Chicago's, supplies and equipment from outside the state of Florida.

11.     At all times relevant to this action, defendant Beatty held a supervisory position over Plaintiff, set Plaintiff's rate of pay, set Plaintiff's hours worked, determined that Plaintiff would not be paid proper wages, and otherwise undertook and recommended tangible employment

decisions controlling the terms and conditions of Plaintiff's employment, including Plaintiff's compensation, with defendant Chicago's.

12.     At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of the FLSA/FMWA, and entitled to protection. At all times relevant to this action, Plaintiff performed services as an employee for Defendants within the Southern District of Florida.

13.     At all times relevant to this action, Plaintiff had the skills, experience and qualifications necessary to work in his employment position for Defendants.

## FACTUAL ALLEGATIONS

14.     Plaintiff began his employment tenure with Defendants on April 1, 2018, and worked continuously for Defendants until approximately November 21, 2018.

15.     Plaintiff was hired by Defendants, who also set Plaintiff's rates of pay and job duties from the beginning of Plaintiff's employment tenure with Defendants to the end.

16.     Plaintiff's job duties from the beginning of his employment tenure included taking customers' orders, providing attentive service to the customers, and ensuring a pleasant dining experience, among other things.

17.      Soon after Plaintiff began working for Defendants, Plaintiff was required to work at least eighty (80) hours per week on a regular basis for Defendants.

18.     For example, Plaintiff worked at least eighty (80) hours for Defendants per week, typically working seven (7) days per week, for at least twenty-four (24) consecutive weeks from April until October of 2018.

19.     After consistently working 80-hour weeks for approximately six (6) months, Plaintiff continued to work no less than fifty (50) hours per week on a regular basis until the end of his

employment tenure with Defendants on November 23, 2018, but was not paid overtime wages as required by law throughout his tenure.

20.     Throughout Plaintiff's employment tenure, Defendants intentionally refused to pay plaintiff proper minimum wages, regular wages, overtime wages at 1.5 plaintiff's his regular rate of pay for hours over forty (40) in a workweek. In fact, Defendants never paid Plaintiff proper overtime wages even for a single workweek during his entire employment tenure with Defendants.

21.     Although Plaintiff worked significant hours each and every workweek for Defendants, over the course of approximately thirty-two (32) workweeks, Defendants only paid Plaintiff on approximately no more than five occasions during this time period, giving Plaintiff a $900 check each time. Furthermore, Plaintiff was not compensated at all until September of 2018, meaning Plaintiff worked at Defendant's restaurant for over 5 months without pay.  In essence, Plaintiff was reduced to essentially begging for his wages each and every workweek, only to be paid piecemeal at Defendants' discretion, supplemented with unfulfilled promises that he would ultimately be made whole.

22.     On numerous occasions during his employment tenure, Plaintiff requested that he be paid for all hours worked, and for overtime wages at the proper rate.  On all occasions, Defendants promised to make Plaintiff whole, but always failed to keep their promises.

23.     Defendants were aware or should have been aware that their pay practices, as alleged herein, were in violation of the FLSA/FMWA, but willfully engaged in such unlawful pay practices regardless.

24.     Defendants' non-payment of overtime wages was willful and without a good faith belief of compliance with the law; therefore, Plaintiff is entitled to recover liquidated damages under the FLSA/FMWA.

25.     Due to Defendants' intentional efforts to avoid paying Plaintiff proper minimum, regular,

and overtime wages throughout his employment tenure, Plaintiff suffered significant damages in the form of unpaid wages.

26.     Accordingly, due to Defendants' unlawful actions, Plaintiff is owed the entirety of his unpaid minimum, regular, and overtime wages, plus all statutory damages associated with these unpaid wages, including liquidated damages, interest, attorneys' fees and costs.

### FIRST CAUSE OF ACTION OF PLAINTIFF AGAINST ALL DEFENDANTS
### (Unpaid Minimum Wages Under the FLSA)

27.     Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

28.     At all times relevant to this action, Defendants were covered employers pursuant to the FLSA.

29.     Throughout the entirety of Plaintiff's employment tenure with Defendants, Defendants failed to pay Plaintiff's minimum wages for all hours worked throughout his employment tenure, in violation of the FLSA.

30.     Defendants failure to pay minimum wages for all hours worked was willful.

31.     As a result of Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants the entirety of his unpaid minimum wages, and an equal amount representing statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to the FLSA.

### SECOND CAUSE OF ACTION OF PLAINTIFF AGAINST ALL DEFENDANTS
### (Unpaid Overtime Wages Under the FLSA)

32.     Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33.     At all times relevant to this action, Defendants were covered employers pursuant to the FLSA.

34.     Throughout the entirety of Plaintiff's employment tenure with defendants, Plaintiff worked over forty hours per week for Defendants, every workweek, as a non-exempt employee pursuant to the FLSA.

35.     Defendants failed to pay Plaintiff overtime wages of 1.5 times his regular rates of pay for all hours worked in excess of forty in a workweek, throughout his employment tenure, in violation of the FLSA.

36.     Defendants failure to pay overtime premiums was willful.

37.     As a result of Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, and an equal amount representing statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to the FLSA.

### THIRD CAUSE OF ACTION OF PLAINTIFF AGAINST ALL DEFENDANTS
#### (Unpaid Minimum Wages Under the FMWA)

38.     Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39.     At all times relevant to this action, Defendants were covered employers pursuant to the FMWA.

40.     Defendants failed to pay Plaintiff minimum wages for all hours worked throughout his employment tenure, in violation of the FMWA.

41.     Defendants failure to pay minimum wages for all hours worked was willful.

42.     As a result of Defendants' FMWA violations, Plaintiff is entitled to recover from Defendants the entirety of his unpaid minimum wages, and an equal amount representing statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to the FMWA.

## JURY DEMAND

Plaintiff respectfully requests a trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter an Order:

(a)     declaring the acts and practices complained of herein are in violation of the FLSA/FMWA;

(b)     directing Defendants to pay Plaintiff his actual damages in an amount to be determined at trial for lost minimum and overtime wages, as provided by the FLSA/FMWA;

(c)     directing Defendants to pay Plaintiff liquidated damages, as provided by the FLSA/FMWA;

(d)     directing Defendants to pay Plaintiff his unpaid regular wages at the agreed upon rate of $8.25/hour, plus all associated damages.

(e)     directing Defendants to pay Plaintiff reasonable attorneys' fees, together with the costs and disbursements of this action; and

(f)     directing such other and further relief as this Court deems just and equitable.

Dated: __1/21/2020__

Respectfully Submitted,

LEVINE & BLIT, P.L.L.C.

By: RUSSELL MORIARTY, ESQ. (RM 0224)
Florida Bar No. 0110964
Attorneys for Plaintiff, Shannon Moses

Miami Center
201 South Biscayne Boulevard
Suite 2800
Miami, FL 33131
Phone: (305)913-1338
Email: RMoriarty@LevineBlit.com